Mary A. Logan, et al., *v.* Thomas Smith, et al.

**Will—Construction.**
　　Where a testator devises a life estate to his widow and provides that after her death the one-half of his property then remaining shall be divided between his brothers and sisters, the law will give such brothers and sisters the one-half of the estate after the payment of the debts owing by the widow at the time of her death.

APPEAL FROM GARRARD CIRCUIT COURT.

January 4, 1877.

Opinion by Judge Elliott:

On the 24th day of January, 1843, James B. Smith made his last will and testament; and by the first clause of said will he bequeathed and devised to his wife, Mary, his entire estate for and during her natural life, and in the second clause in his will he uses the following language:

"It is my will and desire that after the death of my wife, Mary Smith, that one-half of my property which may be remaining at that time be equally divided between my brothers and sisters, to-wit." He then gives the names of his brothers and sisters, and in the third clause of his will he gives to his wife, Mary, the other half of his estate to devise and bequeath at her discretion.

At the death of testator's widow she owed debts amounting to several hundred dollars, and it is contended by the appellees, who are the brothers and sisters of the testator, that the debts of the widow of the testator must be paid out of the half of the estate devised to her to be disposed of by her at her discretion. There is no proof in this record as to whether any profits were made out of the estate during her life, and we therefore presume none were made or the same would have been established by proof, as she would have been entitled to such profits.

But we are of opinion that the intention of testator was that his

wife, Mary, should use the estate or such portion of it as was necessary for a comfortable support and maintenance during her life, for he could only dispose of the remainder after taking out that which was necessary for her maintenance.

She could at any time have sold such portion of the personal estate as was necessary for the payment of her debts and have also used the rents of the land, if necessary, for the same purpose.

There is no proof that the widow of the testator was extravagant or improvident in debts she incurred for her support. We are therefore of opinion that as it was the intention of the testator that his widow, Mary, should first have a life support and maintenance out of his estate before it should be divided between her and his brothers and sisters, the court erred in sustaining the appellees' exceptions to that part of the commissioner's report which charged the entire estate of the testator with the indebtedness of the said widow, and then made an equal distribution of the remainder between the appellees and the appellants, it appearing that the appellants are the owners of that part of the estate willed to Mary Smith by her husband.

Wherefore the judgment is *reversed* and cause remanded with directions to have the estate settled as indicated herein, and for further proceedings consistent herewith.

*G. W. Dunlap, for appellants.*

*James T. Anderson, for appellees.*